**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**PAUL CORBIT BROWN,**

**Plaintiff,**

**v.** **CIVIL ACTION NO.** 2:25-cv-00493
**HONORABLE** ________________

**KIBREAB MENGSTAB; and**
**HAB EXPRESS LLC,**

**Defendants.**

# COMPLAINT

NOW COMES the Plaintiff, Paul Corbit Brown, by and through counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for his Complaint:

1. Plaintiff Paul Corbit Brown ("Mr. Brown"), is a resident of Fayette County, West Virginia.

2. Defendant Kibreab Mengstab ("Mengstab"), is, upon information and belief, a resident of the State of Texas.

3. Defendant Hab Express LLC ("Hab Express") is, upon information and belief, a Georgia limited liability company having a principal office address of 5190 Grace Ct., Tucker, Georgia 30084.

4. Defendant Hab Express is an interstate motor carrier registered with the U.S. Department of Transportation under U.S.D.O.T. No. 3601496.

5. Pursuant to *28 U.S.C.* § 1332, this Court has jurisdiction over the parties and claims asserted in this action as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Pursuant to *28 U.S.C.* § 1391, the United States District Court for the Southern District of West Virginia, Charleston Division, is an appropriate venue for this action as the crash that forms the basis for this civil action and the cause of action arose in Fayette County, West Virginia.

7. Defendant Mengstab and Defendant Hab Express are subject to the jurisdiction and venue of this Court.

**General Facts**

8. On August 28, 2023, Mr. Brown was an operator of a 2016 Nissan Frontier traveling eastbound on Route 27 (also known as Packs Branch Road) near Mount Hope, Fayette County, West Virginia.

9. At that same time and place, Defendant Mengstab was operating a 2015 Volvo tractor hauling a loaded trailer traveling westbound on Route 27.

10. At all relevant times, there was a sign for motorists traveling westbound on Route 27 which stated "NO TRUCKS WITH TRAILERS" immediately followed by another sign that stated "NOTICE — ROAD NOT SUITABLE FOR LARGE TRUCKS."

11. As Mr. Brown and Defendant Mengstab traveled towards one another into a curve, Defendant Mengstab caused the trailer to travel left of the centerline into Mr. Brown's lane of travel.

12. Defendant Mengstab caused the trailer to take up much of the eastbound lane of travel in the curve.

13. Mr. Brown took evasive action and moved the Nissan to the right and maneuvered the passenger side tires off of the roadway into a ditch up against an embankment in an attempt to evade the trailer operated by Defendant Mengstab.

14. Defendant Mengstab continued moving and the trailer he was operating crashed into

the Nissan.

15. Mr. Brown suffered severe injuries as a direct and proximate result of the incident described above and Defendant Mengstab's (i) negligent and reckless conduct and/or (ii) conscious and outrageous indifference to the health, safety and welfare of others.

16. On August 28, 2023, Defendant Mengstab held a commercial drivers license (hereinafter "CDL") issued by the State of Texas.

17. At the time of the incident, Defendant Mengstab was employed by Defendant Hab Express as a commercial motor vehicle driver.

18. At the time of the incident, Defendant Mengstab was acting as an agent of Defendant Hab Express.

19. At the time of the incident, Defendant Mengstab was a permissive user of the tractor-trailer involved in the incident.

20. Defendant Hab Express and Defendant Mengstab are responsible for causing the collision.

**Count I - Negligence and *Prima Facie* Negligence of Kibreab Mengstab**

21. Mr. Brown incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

22. At all relevant times, Defendant Mengstab owed certain duties to members of the public, including Mr. Brown.

23. In addition to those instances of negligence set forth elsewhere in this Complaint, Defendant Mengstab was negligent in at least the following specific ways:

(a) failing to adhere to safe driving principles expected of professional truck drivers with a CDL;

(b) failing to operate the tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

(c) failing to properly plan his route;

(d) failing to drive a proper route;

(e) failing to keep the tractor and trailer under control;

(f) driving the tractor-trailer in reckless disregard for the safety of others;

(g) failing to conduct a proper visual search;

(h) failing to perceive and recognize the hazards of the characteristics of the road;

(i) failing to adjust his speed and properly position the commercial motor vehicle given the configuration and condition of the roadway, and prevent problems caused by off-tracking;

(j) failing to appropriately manage space and speed;

(k) failing to stay to the right;

(l) colliding with another motorist in that motorist's lane of travel; and,

(m) failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

24. At the time of the collision, Defendant Mengstab was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

25. At the time of the collision, Defendant Mengstab was also subject to the laws of the State of West Virginia governing the operation of interstate commercial motor vehicles on West Virginia's public roadways.

26. Defendant Mengstab was *prima facie* negligent in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

27. Chapter 49, Part 392.2 of the Code of Federal Regulations provides, in pertinent part: "[e]very commercial motor vehicle must be operated in accordance with the laws, ordinances, and

regulations of the jurisdiction in which it is being operated."

28. Pursuant to West Virginia law, specifically *West Virginia Code* §§ 17C-7-1, 17C-7-6, 17C-6-1, and 17C-5-3, Defendant Mengstab was required to: (a) drive upon the right half of the roadway; (b) not drive to the left side of the roadway when upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction; (c) not drive at a speed greater than that which was reasonable and prudent under the existing conditions and actual and potential hazards; (d) control his speed as necessary to avoid colliding with any vehicle on the highway; (e) use due care; and (f) not engage in a willful or wanton disregard for the safety of other persons or property.

29. Defendant Mengstab violated the requirements of *West Virginia Code* §§ 17C-7-1, 17C-7-6, 17C-6-1, and 17C-5-3 by, among other things, failing to stay in his lane; driving left of the centerline into Mr. Brown's lane of travel; driving at a speed greater than that which was reasonable and prudent given the curvature of the roadway he was traveling on; failing to control his speed as necessary to avoid colliding with the Nissan operated by Mr. Brown; failing to use due care and maintain control of the tractor-trailer he was operating; traveling to the left side of the roadway while in a curve thereby creating a hazard as Mr. Brown approached from the opposite direction; and engaging in a willful or wanton disregard for the safety of other persons or property.

30. Defendant Mengstab's negligent and/or reckless conduct proximately caused the crash.

31. As a direct and proximate result of Defendant Mengstab's violations of the law and his negligent and/or reckless conduct, Mr. Brown suffered severe physical injuries and pain and suffering.

**Count II - Hab Express LLC's**
**Liability for the Negligence of Defendant Mengstab**

32. Mr. Brown incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

33. At the time of the collision, Defendant Mengstab was acting within the course and scope of his employment or agency with Defendant Hab Express.

34. Under the principles of *respondeat superior*, actual agency and apparent agency, Defendant Hab Express is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Mengstab.

35. By virtue of vicarious liability, Defendant Hab Express is liable to Mr. Brown for all damages allowed by law and as set forth herein.

36. Mr. Brown was free from all negligence at all times relevant to this Complaint and did not contribute to his own injuries.

37. As a direct and proximate result of Defendant Kibreab Mengstab and Defendant Hab Express LLC's negligent, careless and/or reckless conduct and the incident described above, Mr. Brown suffered severe injuries to his body, for which he has and will continue to experience and/or incur:

(a) medical expenses, past and future;

(b) pain and suffering, past and future;

(c) physical limitations, past and future;

(d) diminished capacity to enjoy life, past and future;

(e) annoyance and inconvenience, past and future; and

(f) other consequences and damages associated with his injuries as may be

specified as this action progresses, past and future.

**WHEREFORE**, Plaintiff Paul Corbit Brown, hereby requests he be awarded judgment against Defendants Kibreab Mengstab and Hab Express LLC for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent warranted by the facts and applicable law;

(c) pre-judgment and post-judgment interest as allowed by law;

(d) attorneys' fees, costs and expenses incurred in connection with this action; and

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**PAUL CORBIT BROWN,**

**Plaintiff,**

**By Counsel:**

*<u>/s/ Brian E. Bigelow</u>*

ROBERT A. CAMPBELL (W.Va. State Bar No. 6052 )
BRIAN E. BIGELOW (W.Va. State Bar No. 7693)
CHRISTIAN A. HUFFMAN (W.Va. State Bar No. 14205)
FARMER, CLINE & CAMPBELL, PLLC
P.O. Box 5559
101 N. Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990